(26 Misc. Rep. 36.)

### McCORMICK v. ST. JOSEPH'S HOME.

(Supreme Court, Equity Term, Kings County. December, 1898.)

ASSIGNMENTS—UNDUE INFLUENCE.

> A person 70 years old, with many hallucinations and vagaries, having about $3,000 in a bank, left her nephew's home, where she had been residing, and, after being arrested for vagrancy, and assigned to the superintendent of the poor, was removed to St. Joseph's Home. Soon afterwards the attorney for the home prepared drafts for the deposits payable to the home, which drafts were executed in the presence of the attorney and the matron of the home, in consideration of support during life and interment after death. Held, that the assignment was void for undue influence.

Action by John McCormick against the St. Joseph's Home, to set aside an assignment from Ann Walsh to defendant. Judgment directed for plaintiff.

Hugo Hirsh, for plaintiff.

J. T. Marean, for defendant.

MADDOX, J. The proof in this case clearly establishes the incompetency of Ann Walsh, plaintiff's testatrix, the imbecility of her mind, and her inability to care for herself, at and about the time she became an inmate of the defendant home, and for some time prior thereto. She was about 70 years of age, a spinster, and there is evidence, not only of her many hallucinations and vagaries, and of her general imbecility of intellect, and feebleness, but also that in July, 1896, she left the home of plaintiff, her nephew, where she had, for about two years previously, resided, and about July 19th was committed, by a police magistrate in New York City, as a vagrant, being shortly thereafter transferred to the care of the superintendent of the poor of that city; that about July 27th, while in Bellevue Hospital, she was visited by defendant's superior or superintendent, at the request or suggestion of said superintendent of the poor, and was then removed to the defendant home, said superior obtaining and receiving from the hospital matron Ann Walsh's two bank books, of the custody of which she had theretofore been very careful; that shortly thereafter defendant's attorney was called in, orders or drafts for the money in bank—which orders or drafts had been prepared by him—were signed by her, and witnessed by the attorney, who thereupon, and within 10 days after her admission to the home, withdrew all her money, about $3,000, all the property she had excepting her

wearing apparel, from the banks; and on August 13th the same was turned over to the defendant, Ann Walsh having on that day signed the contract sought to be annulled, which contract had been drawn by the attorney, and he attended upon and had charge of the execution thereof. The defendant's witnesses testified that she assented to her removal to the home, agreeing to turn over her said money in return for her support, maintenance, and clothing during life, and interment after death; that she was at all times conscious of what she was doing, and fully competent to make the contract in question, and to thus dispose of her property. The attorney was called in by defendant's superior, and the defendant alone profits by the contract, brought about by its representatives, by whose acts it is bound, and must answer here.

Plaintiff's testatrix was under some restraint of a highly persuasive quality, if not of a physical character, to the influence of which her subserviency was most pronounced, judging by the change in her conduct and personal demeanor, as testified to by defendant's witnesses, after she became such inmate of defendant's home. Such facts and circumstances are quite sufficient to excite suspicion, and to invite the close scrutiny of the court, and the presumption of undue influence which may be indulged against one benefiting by a contract prepared, and its execution brought about and conducted, by him, with a person who is "feeble, weak, and in advanced old age" (Marvin v. Marvin [Ct. App.] opinion printed as note in 3 Hun, 139; Weller v. Weller, 44 Hun, 178; Schinotti v. Cuddy, opinion by Daly, J., 55 N. Y. Supp. 219), has not been met or overcome by the defendant in this case. It is unnecessary to consider the other ground upon which plaintiff seeks the annulment of said contract further than to say that, in my opinion, plaintiff has failed to show that he was a creditor.

Judgment directed for plaintiff, with costs.